1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   PHOUNG DUONG,                          Case No. 1:13-cv-01767 AWI DLB PC

12              Plaintiff,                   ORDER STRIKING COMPLAINT AND
                                            REQUIRING PLAINTIFF TO FILE SIGNED
13        v.                                 COMPLAINT FORM <u>AND</u> EITHER FILE
                                            APPLICATION TO PROCEED IN FORMA
14   SIX UNKNOWN AGENTS, et al.,             PAUPERIS OR PAY FILING FEE WITHIN
                                            THIRTY DAYS
15              Defendants.

16

17        Plaintiff Phoung Duong[1] is a federal prisoner currently housed at Yazoo City Medium in

18   Yazoo City, Mississippi.

19        On November 1, 2013, Plaintiff filed what was construed as a civil rights complaint.  The

20   complaint is not signed and it sets forth no intelligible claims for relief.  The Court cannot consider

21   unsigned filings and the complaint shall be stricken from the record for that reason.  Plaintiff has

22   thirty days to file a signed complaint that complies with Federal Rule of Civil Procedure 8(a).[2]

---

[1] The name "Young Yil Jo," along with his Federal Register Number, appear in the upper left hand corner of the pleading.  However, Phoung Duong is referenced in the caption.  The complaint is not signed and the Court questions whether the complaint was actually filed by Phoung Duong.

[2] A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a viable claim for relief, Plaintiff must set forth factual allegations sufficient to state a plausible claim for relief.  <u>Iqbal</u>, 556 U.S. at 678, 129 S.Ct. at 1949-50; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  <u>Iqbal</u>, 556 U.S. at 678-79, 129 S.Ct. at 1949-50; <u>Moss</u>, 572 F.3d at 969.

Plaintiff must also either file a motion seeking leave to proceed in forma pauperis or pay the $400.00 filing fee in full.

Accordingly, IT IS HEREBY ORDERED that:

1.     Plaintiff's complaint is stricken from the record for lack of signature;

2.     The Clerk's Office shall send Plaintiff a Bivens complaint form and an application to proceed in forma pauperis;

3.     Within thirty (30) days from the date of service of this order, Plaintiff must file a signed complaint and either file a motion seeking leave to proceed in forma pauperis or pay the $400.00 filing fee for this action; and

4.     **The failure to comply with this order will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:   **November 5, 2013**            /s/ *Dennis L. Beck*

UNITED STATES MAGISTRATE JUDGE